Opinion
MARSHALL, P. J.
Defendant was charged with jaywalking (Veh. Code, § 21955). Although defendant refused to promise to appear unless he was given the citation first, he finally did sign after the officer called up a “backup” officer.
Section 21955 of the Vehicle Code provides as follows; “Between adjacent intersections controlled bv traffic control signal devices or by police officers, pedestrians shall not cross the roadway at any place except in a crosswalk.” (Italics added.)
*Supp. 37 The citation alleged that defendant did cross Cahuenga Boulevard between Selma Avenue and Hollywood Boulevard, both controlled intersections, and that defendant did not use a crosswalk.
The facts are not in dispute. Defendant admits that he did cross Cahuenga Boulevard not at the intersection or in a crosswalk. Defendant argues that because an alley intersects Cahuenga Boulevard between Selma Avenue and Hollywood Boulevard he is not guilty of the alleged violation because the presence of such intersection removes the “adjacent” element of the statute and the statute should not therefore apply.
Defendant also contends that the refusal to give him a citation until he promised to appear is improper under section 40504 of the Vehicle Code and. finally, that a pedestrian cannot be required to pay a penalty assessment.
As for the last contention, the record reveals that no penalty-assessment was levied.
The citation procedure discloses no impropriety, if defendant refuses to sign the notice to appear, he must be taken into custody and brought before a magistrate without delay. A notice to appear is only furnished to the defendant when and if he agrees to appear by affixing his signature. (Veh. Code. §40504.)
As to the first mentioned ground of appeal, an alley, according to section 110 of the Vehicle Code, is a “highway” and. inasmuch as section 365 of the Vehicle Code defines an “intersection” as two highways joining each other at approximately right angles, the alley and Cahuenga Boulevard do comprise an “intersection.” As the latter intersection has not been established by the People to be “controlled.” defendant has not violated section 21955. Respondent cites Bell v. Huson (1960) 180 Cal.App.2d 820. 824-825 [4 Cal.Rptr. 716] to support its view that whether the alley and Cahuenga Boulevard constitute an intersection is a question of fact and the trial court’s finding is binding. However, the respondent states, as did the court in Bell v. Huson, that such finding cannot stand if no evidence substantially supports it. No such supportive evidence is to be found in the record. Furthermore, the court in Bell v. Huson, supra, dealt with a determination of the area which comprised the intersection. Here, we are concerned with the determination of the existence of an intersection. We believe that the latter determination is a *Supp. 38 matter of law and we do conclude that as the defendant did not cross between two controlled intersections, he is not guilty of jaywalking.
Judgment is reversed and the charge dismissed.
Cole. J„ and Alarcon. J.. concurred.