TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 96-1201 |
| of | : | |
| | : | April 25, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE MICHAEL C. FITZPATRICK, TRINITY COUNTY COUNSEL, has requested an opinion on the following questions:

1.   May a peace officer arrest a motorist who has committed an infraction (e.g., driving to the left of double parallel unbroken lines or traveling in excess of the posted speed limit) if no accident, traffic obstruction, or other event has occurred?

2.   May a peace officer issue a notice to appear in court to a motorist who has committed an infraction?

3.   If a motorist is stopped for committing an infraction and refuses to sign the notice to appear in court issued by the peace officer, may the officer take the motorist into custody?

4.   Is a magistrate required to be on duty in a county at all times?

CONCLUSIONS

1.   A peace officer may arrest a motorist who has committed an infraction (e.g., driving to the left of double parallel unbroken lines or traveling in excess of the posted speed limit) even though no accident, traffic obstruction, or other event has occurred.

2.   A peace officer may issue a notice to appear in court to a motorist who has committed an infraction.

3.   If a motorist is stopped for committing an infraction and refuses to sign the notice to appear in court issued by the peace officer, the officer must take the motorist into custody.

4.   A magistrate is not required to be on duty in a county at all times but must at all times be reasonably available on call to perform official duties.

ANALYSIS

The four questions presented for resolution concern infractions committed by motorists on the highways of this state. An "infraction" is a public offense other than a felony or misdemeanor. (Pen. Code, § 16.) Penal Code section 17, subdivision (a) states: "A felony is a crime which is punishable by death or by imprisonment in the state prison. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions." Penal Code section 1916 provides:

"An infraction is not punishable by imprisonment. A person charged with an infraction shall not be entitled to a trial by jury. A person charged with an infraction shall not be entitled to have the public defender or other counsel appointed at public expense to represent him or her unless he or she is arrested and not released on his or her written promise to appear, his or her own recognizance, or a deposit of bail."

Penal Code section 19.7 states:

"Except as otherwise provided by law, all provisions of law relating to misdemeanors shall apply to infractions including, but not limited to, powers of peace officers, jurisdiction of courts, periods for commencing action and for bringing a case to trial and burden of proof."

Vehicle Code section 40000.1 **Footnote No. 1** states: "Except as otherwise provided in this article, it is unlawful and constitutes an infraction for any person to violate, or fail to comply with any provision of this code, or any local ordinance adopted pursuant to this code."

Here we are given that a motorist has committed an infraction, such as driving to the left of double parallel unbroken lines (§ 21460) or traveling in excess of the posted speed limit (§§ 22348-22366). What are the consequences of being stopped by a peace officer for committing such an offense?

1.        Authority to Arrest

The first question to be resolved is whether a peace officer may arrest a motorist for committing an infraction if no accident, traffic obstruction, or other event has occurred. We conclude that the officer may do so.

Penal Code section 836, subdivision (a) provides:

"A peace officer may arrest a person in obedience to a warrant, or, pursuant to the authority granted to him or her by [Penal Code sections 830-832.9], without a warrant, may arrest a person whenever any of the following circumstances occur:

"(1) The officer has reasonable cause to believe that the person to be arrested has committed a public offense in the officer's presence.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ." **Footnote No. 2**

Accordingly, since an infraction is a public offense (Pen. Code, §§ 16-17), a peace officer may arrest a motorist for committing an infraction "in the officer's presence." Whether an accident, traffic obstruction, or other event has occurred is irrelevant.

In *People* v. *Superior Court (Simon)* (1972) 7 Cal.3d 186, 200, the Supreme Court discussed the precise moment when a peace officer "arrests" a motorist for committing an infraction:

"        A police officer may legally stop a motorist to conduct a brief investigation when

. . . A police officer may legally stop a motorist to conduct a brief investigation when he entertains a rational suspicion, based on specific facts, that a violation of the Vehicle Code or other law may have taken place [citations], and the temporary restraint of the suspect's movements incident to that investigation will not ordinarily be deemed an arrest. But when the officer determines there is probable cause to believe that an offense has been committed and begins the process of citing the violator to appear in court (Veh. Code, §§ 40500-40504), an `arrest' takes place at least in the technical sense: `The detention which results [during the citation process] is ordinarily brief, and the conditions of restraint are minimal. Nevertheless the violator is, during the period immediately preceding his execution of the promise to appear, under arrest. [Citations.] Some courts have been reluctant to use the term "arrest" to describe the status of the traffic violator on the public street waiting for the officer to write out the citation [citations]. The Vehicle Code, however, refers to the person awaiting citation as "the arrested person." Viewing the situation functionally, the violator is being detained against his will by a police officer, for the purpose of obtaining his appearance in connection with a forthcoming prosecution. The violator is not free to depart until he has satisfactorily identified himself and has signed the written promise to appear.' (Fns. omitted.) [Citation.]"

We thus conclude in answer to the first question that a peace officer may arrest a motorist who has committed an infraction (e.g., driving to the left of double parallel unbroken lines or traveling in excess of the posted speed limit) even though no accident, traffic obstruction, or other event has occurred.

2.    Authority to Issue a Notice to Appear in Court

The second question concerns whether a peace officer may issue a notice to appear in court to a motorist who has committed an infraction. We conclude that the officer may do so.

Section 40500, subdivision (a) provides:

"Whenever a person is arrested for any violation of this code not declared to be a felony, or for a violation of an ordinance of a city or county relating to traffic offenses and he is not immediately taken before a magistrate, as provided in this chapter, the arresting officer shall prepare in triplicate a written notice to appear in court or before a person authorized to received a deposit of bail, containing the name and address of the person, the license number of his or her vehicle, if any, the name and address, when available, of the registered owner or lessee of the vehicle, the offense charged and the time and place when and where he shall appear. If the arrestee does not have a driver's license or other satisfactory evidence of identity in his or her possession, the officer may require the arrestee to place a right thumbprint, or a left thumbprint or fingerprint if the person has a missing or disfigured right thumb, on the notice to appear. This thumbprint or fingerprint shall not be used to create a data base."

Hence, a peace officer "shall" issue a notice to appear in court to a motorist who commits an infraction if the person "is not immediately taken before a magistrate, as provided in this chapter [§§ 40300-40618]."

A person *must* be taken before a magistrate under the conditions as set forth in section 40302:

"Whenever any person is arrested for any violation of this code, not declared to be a felony, the arrested person shall be taken without unnecessary delay before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense and is nearest or most accessible with reference to the place where the arrest is made in any of the following cases:

"(a) When the person arrested fails to present his driver's license or other satisfactory

evidence of his identity for examination.

"(b) When the person arrested refuses to give his written promise to appear in court.

"(c) When the person arrested demands an immediate appearance before a magistrate.

"(d) When the person arrested is charged with violating Section 23152." **Footnote No. 3**

A peace officer *may* take a motorist before a magistrate or issue a notice to appear in court under the terms of section 40303:

"Whenever any person is arrested for any of the following offenses and the arresting officer is not required to take the person without unnecessary delay before a magistrate, the arrested person shall, in the judgment of the arresting officer, either be given a 10 days' notice to appear as provided in this section or be taken without unnecessary delay before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense and is nearest or most accessible with reference to the place where the arrest is made:

"(a) Section 10852 or 10853, relating to injuring or tampering with a vehicle.

"(b) Section 23103 or 23104, relating to reckless driving.

"(c) Section 2800, insofar as it relates to a failure or refusal of the driver of a vehicle to stop and submit to an inspection or test of the lights upon the vehicle under Section 2804 hereof, which is punishable as a misdemeanor.

"(d) Section 2800, insofar as it relates to a failure or refusal of the driver of a vehicle to stop and submit to a brake test which is punishable as a misdemeanor.

"(e) Section 2800, relating to the refusal to submit vehicle and load to an inspection, measurement, or weighing as prescribed in Section 2802 or a refusal to adjust the load or obtain a permit as prescribed in Section 2803.

"(f) Section 2800, insofar as it relates to any driver who continues to drive after being lawfully ordered not to drive by a member of the California Highway Patrol for violating the driver's hours of service or driver's log regulations adopted pursuant to subdivision (a) of Section 34501.

"(g) Section 20002 or 20003, relating to duties in the event of an accident.

"(h) Section 23109, relating to participating in speed contests or exhibition of speed.

"(i) Section 14601, 14601.1, or 14601.2, relating to driving while license is suspended or revoked.

"(j) When the person arrested has attempted to evade arrest.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ." **Footnote No. 4**

We thus conclude in answer to the second question that a peace officer may issue a notice to appear in court to a motorist who has committed an infraction. The notice must be issued in certain circumstances (§ 40500), may be issued in other situations (§ 40303), and may not be issued in still other

specified cases (§ 40302).

### 3. Refusal to Sign a Notice to Appear

The third question concerns whether a peace officer may take a motorist into custody if the person refuses to sign the notice to appear in court. We conclude that the person must be taken into custody.

A motorist charged with committing an infraction is under arrest while the peace officer is in the process of issuing the notice to appear in court. (§ 836, subd. (a); *People* v. *Superior Court (Simon)*, *supra*, 7 Cal.3d at 199-200.) The signing of the notice to appear is the means for securing the motorist's release from arrest. Section 40504, subdivision (a) provides: "The officer shall deliver one copy of the notice to appear to the arrested person and the arrested person in order to secure release must give his or her written promise to appear in court or before a person authorized to receive a deposit of bail . . . ." Hence, a person is not subject to arrest for refusing to sign the notice to appear; the arrest has already occurred.

A person who does not sign the promise to appear must be taken into custody and brought before a magistrate. As previously quoted, subdivision (b) of section 40302 requires that the "person shall be taken without unnecessary delay before a magistrate" if "the person arrested refuses to give his written promise to appear in court." In *People* v. *Blazina* (1976) 55 Cal.App.3d Supp. 35, 37, the court declared: "If the defendant refuses to sign the notice to appear, he must be taken into custody and brought before a magistrate without delay. A notice to appear is only furnished to the defendant when and if he *agrees* to appear by affixing his signature."

We thus conclude in answer to the third question that if a motorist is stopped for committing an infraction and refuses to sign the notice to appear in court, the peace officer must take the motorist into custody and bring him or her before a magistrate or other appropriate official.

### 4. Availability of a Magistrate

The final question presented concerns whether each county must have at least one magistrate on duty at all times for the performance of official duties. We conclude that each county must have a magistrate reasonably available on call at all times to perform official duties.

Penal Code section 810, subdivision (a) provides:

"The presiding judge of the superior court, the presiding judge of each municipal court in a county, and the judge of each justice court in a county, shall, as often as is necessary, meet and designate on a schedule not less than one judge of the superior court, municipal court or justice court to be reasonably available on call as a magistrate for the setting of orders for discharge from actual custody upon bail, the issuance of search warrants, and for such other matters as may by the magistrate be deemed appropriate, at all times when a court is not in session in the county." **Footnote No. 5**

Having a magistrate "reasonably available on call" does not mean that a magistrate will always be available in a county. The Legislature has addressed in section 40307 what the consequences are when a magistrate is not available. Section 40307 provides:

"When an arresting officer attempts to take a person arrested for a misdemeanor or infraction of this code before a magistrate and the magistrate or person authorized to act for him is not available, the arresting officer shall take the person arrested, without unnecessary delay, before:

"(a) The clerk of the magistrate who shall admit him to bail in accordance with a

schedule fixed as provided in Section 1269b of the Penal Code, or

"(b) The officer in charge of the most accessible county or city jail or other place of detention within the county who shall admit him to bail in accordance with a schedule fixed as provided in Section 1269b of the Penal Code or may, in lieu of bail, release the person on his written promise to appear as provided in subdivisions (a) through (f) of Section 853.6 of the Penal Code."

In *People* v. *Superior Court (Simon)*, *supra*, 7 Cal.3d at 209, the Supreme Court explained the purposes for bringing a motorist before a magistrate or other appropriate official:

". . . Section 40302 requires that a person coming within its terms be taken `without unnecessary delay' before the `nearest or most accessible' magistrate having jurisdiction, and sections 40306 and 40307 prescribe the next step in the procedure: if a magistrate is available, section 40306 provides (a) the arresting officer shall file a complaint, (b) the arrestee shall be given at least five days' continuance to prepare his case and (c) `shall thereupon be released from custody' on his own recognizance or on bail; if on the other hand a magistrate is not available, section 40307 provides that the officer shall take the arrestee before (a) the clerk of the magistrate `who shall admit him to bail' or (b) the officer in charge of the most accessible jail `who shall admit him to bail' or release him upon a simple written promise to appear."

We thus conclude in answer to the final question that a magistrate is not required to be on duty in a county at all times but must be reasonably available on call to perform official duties. If no magistrate is available, the motorist must be taken before another official as set forth in section 40307.

\* \* \* \* \*

**Footnote No. 1**
All references hereafter to the Vehicle Code are by section number only.
**Footnote No. 2**
Penal Code sections 830-832.9 describe the law enforcement functions of "peace officers" and the scope of their authority.
**Footnote No. 3** Section 23152 concerns driving under the influence of any alcoholic beverage or drug.
**Footnote No. 4**
Section 40304 authorizes members of the California Highway Patrol to take a motorist before a magistrate or issue a notice to appear in court when specified conditions are met. A notice to appear may also be issued under the narrowly drawn conditions of sections 40303.5, 40522, and 40610.
**Footnote No. 5**
California no longer has justice courts; they have become municipal courts. (Cal. Const., art. VI, §§ 1, 5; 78 Ops.Cal.Atty.Gen. 151 (1995).)